In the Matter of the Petition of WILLIAM P. SLY, Respondent, for the Appointment of Commissioners in Proceedings for the Alteration of a Highway in the Town of Woodhull.

HORACE D. BALDWIN, Respondent.

COUNTY COURT — MODIFICATION OF DECISION OF COMMISSIONERS APPOINTED IN PROCEEDINGS FOR THE ALTERATION OF A HIGHWAY. Where a County Court, upon an appeal from the decision of commissioners appointed in proceedings for the alteration of a highway under the Highway Law (L. 1890, ch. 568 and amendments thereto), modifies the decision of the commissioners in a manner not asked for by either party and affirms the decision as thus modified, the modification of the County Court should be stricken out.

*Matter of Sly*, 78 App. Div. 630, modified.

(Argued February 16, 1904; decided February 23, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 5, 1903, which affirmed an order of the Steuben County Court modifying a decision of commissioners appointed in proceedings for the alteration of a highway under the Highway Law (L. 1890, ch. 568) as amended.

The facts, so far as material, are stated in the opinion.

*Horace D. Baldwin*, appellant, in person. The County Court had no authority or jurisdiction to increase the damages

of this appellant or any other person. (N. Y. Const. art. 1, § 7; *Matter of Village of Middletown*, 82 N. Y. 202; *Matter of Feeny*, 20 Misc. Rep. 272; *People* v. *Thayer*, 88 Hun, 136; *Matter of Carpenter*, 11 Misc. Rep. 690; *Matter of Pugh*, 22 Misc. Rep. 43; *Matter of Malone Waterworks Co.*, 38 N. Y. S. R. 95; *Matter of Trustees*, etc., 137 N. Y. 95; *Matter of Widening Hand St., Rochester*, 28 N. Y. S. R. 456; *People* v. *Albertson*, 55 N. Y. 54.)

*Elbert M. Worth* for respondent. The County Court had complete jurisdiction to appoint commissioners and to modify their decision. (*Matter of Baker*, 173 N. Y. 249; *Matter of Vil. of Middletown*, 82 N. Y. 202; *Matter of Trustees of N. Y. & B. Bridge*, 137 N. Y. 98.)

WERNER, J. In all essential particulars except one this proceeding for the alteration of a highway seems to have been conducted in substantial conformity with the provisions of the Highway Law.

The exception referred to is the modification by the County Court of the decision of the commissioners in respect to the construction and maintenance of a "cattle pass" across the proposed highway. The decision of the commissioners directed that the town of Woodhull should build a suitable and sufficient cattle pass across the highway as altered between the parts of appellant Baldwin's farm to be separated by the altered highway. Upon the appellant's motion to vacate *in toto* the decision of the commissioners, the County Court modified the same by directing that the damages awarded to the appellant should be increased by adding thereto the sum of fifty dollars; that the town of Woodhull be relieved from building the cattle pass, and that the appellant Baldwin should be allowed to build the same at his own expense.

This modification not only increased the money award to the appellant, but it also added to the burdens to be assumed and borne by him, and as it was not asked for by either party, it should not have been ordered by the County Court, even if

it had the power, a question which we do not now assume to decide.

The ruling of the County Court in this regard is not, however, of sufficient importance to require a reversal of the final order herein and we, therefore, modify the same by striking out the modification of the County Court as above set forth, and as thus modified, the order appealed from is affirmed, without costs to either party.

PARKER, Ch. J., GRAY, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur.

Ordered accordingly.